# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| CHRISTOPHER BRYANT GIBSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-18-1224-SLP |
| BRADLEY GREILICK, | ) | |
| Respondent. | ) | |

## **O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 21] issued by United States Magistrate Judge Bernard M. Jones upon referral of this matter. *See* 28 U.S.C. § 636(b)(1)(B) and (C). Judge Jones recommends granting Respondent's Motion to Dismiss [Doc. No. 16] and denying Petitioner's request for habeas relief. Petitioner has filed an Objection [Doc. No. 24] and has also filed a Motion [Doc. No. 22] requesting leave to amend his response to Respondent's Motion to Dismiss. [Doc. No. 11]. Respondent has filed a Response in Opposition [Doc. No 23] and opposes Petitioner's request for leave to amend. The Court must now make a de novo determination of the portions of the Report to which objection is made, and may accept, reject or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

### I.     **Background**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241 and challenges the execution of his sentence. He requests the expungement of a prison disciplinary conviction and restoration of good time credits taken as a result of the conviction. As the

Magistrate Judge set forth, Petitioner raises the following grounds for relief, alleging violations of his due process rights:

> Grounds One and Two: Petitioner was in need of emergency mental health treatment at the time of the incident giving rise to his disciplinary conviction;
>
> Ground Three: the investigating officer refused to investigate Petitioner's claim that he was in need of mental health treatment;
>
> Ground Four: prison officials failed to provide Petitioner with a written copy of the Unit Disciplinary Committee (UDC) report;
>
> Ground Five: the incident report failed to include various details;
>
> Ground Six: Petitioner is actually innocent of the conviction because a food slot is not a security device under BOP Code 208.

*See* R&R at 1-2; *see also* Petition, ¶ 13.

## II.     Petitioner's Objections

In his objection, Petitioner refers to the Petition and his citation to certain regulations governing prison disciplinary proceedings by the Bureau of Prisons (BOP). Specifically, Petitioner cites 28 C.F.R. § 541.5 through 541.8. He claims that prison officials disregarded the procedures required by these regulations in violation of his due process rights. Obj. at 1. He also claims his due process rights were violated when prison staff "refused to provide him with requested documentary evidence to support his defense" at his prison disciplinary proceeding. *Id*. at 2.

Petitioner further claims the Magistrate Judge misconstrued his claim regarding competency by "suggesting he was incompetent, both at the time of the incident and during the disciplinary hearing[.]" *Id*. Petitioner states that he "never claimed he was incompetent during the disciplinary proceedings" and that "he only claims incompetence during the

2

alleged incident." *Id*. He further argues the record does not establish he received a psychological review after the incident and that without such, he was denied due process. *Id*.

Finally, Petitioner challenges the Magistrate Judge's finding that he is not constitutionally entitled to a UDC review. He cites 28 U.S.C. § 541.7 as demonstrating his due process right to a written copy of the UDC report. *Id*. at 3. He further argues that his due process rights were violated because he was not able to present the UDC report at his disciplinary hearing.[1]

### III. Discussion

#### A. Failure to Follow BOP Regulations / Due Process Right to Present Documentary Evidence

To properly address Petitioner's due process challenge, the Court first sets forth the BOP regulations Petitioner relies upon to support his claims. The BOP's inmate disciplinary procedures are codified at 28 C.F.R. § 541 et seq. The regulations provide that if staff witness or reasonably believe a prisoner has committed a prohibited act, a staff member will issue an incident report (IR) which starts the discipline process. 28 C.F.R. § 541.5. The incident is then referred to a UDC for review. 28 U.S.C. § 541.7. The UDC will make "one of the following decisions after reviewing the [IR]": "(1) [the prisoner] committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the [IR][;] (2) [the prisoner] did not commit the prohibited act(s) charged[;] or (3) [t]he

---

[1] Petitioner raises no other objections and does not challenge the Magistrate Judge's finding that his claim of actual innocence lacks merits. *See* R&R at 8.

[IR] will be referred to the Disciplinary Hearing Officer (DHO) for further review, based on the seriousness of the prohibited act(s) charged." "If [the prisoner is] charged with a Greatest or High severity prohibited act, or [is] an inmate covered by § 541.4, the UDC will automatically refer the [IR] to the DHO for further review." 28 U.S.C. § 541.7(a). The prisoner is to receive a written copy of the UDC's decision following its review of the [IR]." *Id.*, § 541.7(h).

To the extent Petitioner claims his due process rights have been violated based on any failure by the BOP to follow the disciplinary regulations as set forth, *see* 28 C.F.R. §§ 541.5 et seq., his claim lacks merit. As Judge Jones found, the BOP regulations do not confer rights on inmates and, therefore, a failure to follow those regulations does not give rise to a claim for violation of due process rights. *See* R&R at 4 (citing cases). Instead, a prisoner is afforded due process if prison officials follow the mandates of *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985). *See, e.g., Muhammad v. Wiley*, 330 F. App'x 165, 167 n. 1 (10th Cir. 2009) (on habeas review of challenge to prison disciplinary hearing, court's task is to determine whether minimum due process protections outlined in *Wolff* were satisfied, not whether specific prison regulations dealing with prison disciplinary procedures were followed).[2]

---

[2] As the Tenth Circuit has summarized:

> These procedural safeguards, known as the *Wolff* due process requirements, consist of the following:

In his Objection, Petitioner claims that he should have been provided the written UDC decision to use as evidence at his disciplinary hearing.³ This claim is distinct from any claim that he had a due process right under the regulations to receive a written copy of the UDC decision. Petitioner additionally claims in his Objection that his due process rights were violated under *Wolff* when he was denied requested documentary evidence in support of his defense. He does not identify the documentary evidence but refers to his Petition. In the Petition, he alleges that he requested Lt. Collister, the investigator, to "review and preserve the SHU logs and interview SHU Officer Sammis for corroboration that [Petitioner] had requested emergency mental health intervention prior to the alleged incident" but that Lt. Collister responded: "[y]ou can request witnesses at your UDC Hearing." Pet. at 8, ¶ 13, Ground Three.⁴ The Magistrate Judge did not expressly address these issues in the Report and Recommendation.

---

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and corrections goals, to call witnesses and present documentary evidence in [a prisoner's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Brennan v. United States*, 646 F. App'x 662, 665-66 (10th Cir. 2016) (citations omitted). Additionally, the prison disciplinary decision must be supported by some evidence. *Hill*, 472 U.S. at 454.

³ Petitioner also made this argument in response to the Motion to Dismiss, referencing the findings of the UDC at paragraphs 18(A) and (B) of the IR. *See* Pet.'s Resp. [Doc. No. 19] at 2 ("To deny Petitioner this [UDC] report is too serious a violation of due process to ignore, as it is evidence that would have been beneficial to his presentation of defense at the Disciplinary Hearing.").

⁴ Petitioner makes no claim that he did not receive advance written notice of the charges, and the record confirms he received the IR prior to the disciplinary hearing. *See* IR [Doc. No. 1-1] at 11;

As reflected in the IR, the incident resulting in Petitioner's disciplinary conviction occurred on May 1, 2018.[5] The incident is described as follows:

> On 05/01/2018 approx 4:50 pm while attempting to collect the dinner food trays, Inmate Gibson, C. Reg # 13702-003 stuck his arm out the food slot and demanded I Ofc. Brunson give him a towel. I instructed the inmate to remove his arm, but he refused. He was then told I would handle the situation after the trays were collected but still he refused. All operations on the range was [sic] then postponed and the Lieutenant was notified.

IR, ¶ 11.[6] The IR shows the UDC conducted its review on May 3, 2018, and checked the box finding that Petitioner: "Did not Commit a Prohibited Act." *Id.*, ¶ 18(A). The Committee further checked the box to: "refer[] the Charge(s) to the DHO for further Hearing." *Id.*, ¶ 18(B). The UDC based its decision on "Specific Evidence as Follows: IR should be expunged. The body of the report does not support the charge." *Id.*, ¶ 19.[7]

---

*see also* Discipline Hearing Officer (DHO) Report [Doc. No. 1-1] at 12-14. Nor does Petitioner claim that he was denied the right to call witnesses. And, the DHO Report documents that he waived his right to call witnesses. *See id.* at 12, Section III; *see also id.* at 13, Section V ("You requested to waive your right to have witnesses as well.").

[5] In moving for dismissal, Respondent relied upon the Declaration of James D. Crook [Doc. No. 16-1] at 1-3. Mr. Crook attached to his Declaration copies of records maintained by the BOP and related to Petitioner's disciplinary conviction, some of which are also attached to and/or referenced in the Petition. The IR is included in those records. To the extent matters outside the pleadings have been submitted, the Court has reviewed the entire record and those matters are properly considered. *See* R&R at 4, n. 4; *see also Whitmore v. Parker*, 484 F. App'x 227, 230-32 (10th Cir. 2012) (discussing propriety of converting motion to dismiss to motion for summary judgment in context of habeas proceedings and noting that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process under AEDPA").

[6] The record includes two different versions of the IR. Attached to the Petition is the IR delivered to Petitioner on May 2, 2018 prior to the UDC review. *See* IR [Doc. No. 1-1] at 11. Attached to Respondent's Motion to Dismiss is a copy of the iteration of the IR after the UDC review on May 3, 2018. *See* IR [Doc. No. 16-1] at 10.

[7] In the motion to dismiss, Respondent argued that Petitioner was charged with a "200-series offense" and, therefore, "the matter was automatically referred to FCI Williamsburg's Discipline

As set forth, *Wolff* requires, as part of a prisoner's due process protections, that he be allowed to present documentary evidence in his defense. Here, the record does not show Petitioner requested and was denied the right to present such evidence. Petitioner stated at the disciplinary hearing that he understood his rights and that he did not have any documentary evidence to present. *See* DHO Report, Section V; *cf. Whitmore*, 484 F. App'x at 237 (finding no due process violation where record demonstrated prisoner was given opportunity to present relevant documentary evidence during the hearing, a videotape at issue was considered by the hearing officer, and prisoner did not request to further review the contents in order to present additional evidence); *Chestnut v. Ebbert*, No. 3:CV-15-1581, 2016 WL 4734659 at *11 (M.D. Pa. Sept. 12, 2016) (unpublished op.) (inmate must make a request for review of evidence to preserve it for disciplinary hearing and where inmate failed to make such request, he could not allege a due process violation by raising the issue after the fact).[8]

But even assuming Petitioner intended to present documentary evidence, the Court finds any error associated with Petitioner's inability to present such evidence – whether it be the UDC report or any SHU logs – is harmless. *See Brennan*, 646 F. App'x at 666 (discussing appropriateness of harmless error review in context of *Wolff* requirements). "A

---

Hearing Officer (DHO) *without review or preparation of a report by the Unit Disciplinary Committee*." Resp.'s Mot. at 2, n. 1 (emphasis added). As set forth, however, the IR reflects that the UDC did review the matter. The Magistrate Judge noted this discrepancy, *see* R&R at 6, n. 5, but concluded that regardless, Petitioner had no constitutional right to a UDC review. *Id*.

[8] As set forth, Petitioner makes clear in his Objection that he was competent to participate in his disciplinary proceeding.

[prison official's] failure to comply with the *Wolff* requirements is harmless when it does not prejudice an inmate's preparation or defense at a hearing." *Id*.

As the Tenth Circuit has explained, the UDC review and DHO review are "two discrete stages of the disciplinary procedures" governing disciplinary proceedings for BOP prisoners. *Muhammad v. Wiley*, 330 F. App'x 165, 168 (10th Cir. 2009). Indeed, "UDC hearings may not be used to revoke an inmate's good-time credits." *Brennan*, 646 F. App'x at 667 (citing 28 C.F.R. § 541.7(f)). Instead, "if the UDC determines an inmate's offenses are serious enough that good-time credit could be revoked, the UDC must refer the inmate to the DHO." *Id*. (citing 28 C.F.R. § 541.7(a)(3)-(4)).

The UDC report, as documented on Part II of the IR, shows the UDC concluded Petitioner did not commit the prohibited act, but then referred the charge to the DHO for further hearing. Such referral is not only sanctioned, but required given the nature of the offense at issue. Moreover, the DHO expressly states that the IR was part of the documentary evidence reviewed when making his decision on May 18, 2018. The UDC's finding, made prior to Petitioner's disciplinary hearing, was included in the IR. The UDC's finding, therefore, was necessarily considered by the DHO.

As to the SHU logs, the fact that prior to the incident, Petitioner may have requested mental health intervention (as allegedly reflected in the SHU logs) is not sufficient to refute the findings by the DHO that Petitioner was competent and responsible for his actions at the time of the incident. *See* DHO Report at 13. The DHO fully considered Petitioner's claim that he was suffering from PTSD and did not remember anything associated with the

incident. *See id.* And the DHO fully considered the assessment of Petitioner's mental health by the psychologist, Dr. Pysh. *Id.*

Upon de novo review, therefore, the Court finds to the extent Petitioner was denied the right to present documentary evidence, he was not prejudiced. Accordingly, any violation of his due process rights is harmless.

   B.   **Psychological Review**

In his Objection, Petitioner clarifies that he only claims he was incompetent at the time of the incident. He then argues the record does not establish he was provided a psychological review following the incident and that as a result, his due process rights were violated. But as discussed by the Magistrate Judge, *see* R&R at 4-5, the record clearly refutes Petitioner's assertion that he was never examined. *See* BOP Psychology Services Institution Disciplinary Process Report [Doc. No. 16-1] at 14. Petitioner's claim, therefore, lacks merit.

III.   **Petitioner's Motion for Leave to Amend**

Subsequent to the issuance of the Report and Recommendation but prior to filing his Objection, Petitioner filed a Motion for Leave to Amend Transverse [sic] Response [Doc. No. 22]. He attaches to the Motion the proposed amended response to Respondent's Motion to Dismiss. *See id.* [Doc. No. 22-1]. As Respondent points out in his Response in Opposition, Petitioner's proposed amended response is virtually identical to Petitioner's Transverse [sic] Response to Respondent's Motion to Dismiss [Doc. No. 19]. The Court has fully considered the arguments made in that Response and concludes nothing set forth in the proposed amendment supplements those arguments in any meaningful way.

9

Accordingly, no purpose would be served by granting Petitioner's request and his Motion for Leave to Amend is DENIED.

## IV. Conclusion

The Court has addressed the specific issues raised by the Objection and finds review of all other issues waived. Upon de novo consideration of those issues raised by Petitioner's Objection, the Court concurs with the findings of the Magistrate Judge that Petitioner was afforded all the necessary due process in the course of his disciplinary convictions. Therefore, Respondent's Motion to Dismiss should be granted and the Petition denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 21] is ADOPTED as set forth herein. Respondent's Motion to Dismiss is GRANTED and the Petition is DENIED. A separate judgment shall be entered.[9]

IT IS FURTHER ORDERED that Petitioner's Motion [Doc. No. 22] requesting leave to amend his response to Respondent's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 31st day of July, 2019.

*[signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[9] Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when entering a final order adverse to a petitioner. However, "a federal prisoner . . . does not need a COA to appeal a final judgment in a § 2241 case." *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015). Accordingly, the Court need not consider a COA in this case.